IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

JOEL DAVID SHIFFLER,

                Petitioner,

v.                                       CIVIL ACTION NO. 6:09-cv-00801

WEST VIRGINIA BOARD OF MEDICINE,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

**I.    Introduction**

Pending before the court is the defendant's Motion to Dismiss [Docket 4], in which the defendant seeks to dismiss the petitioner's Complaint[1] and requests attorneys' fees. The action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended that the court grant the defendant's Motion to Dismiss the Complaint and deny the defendant's request for attorneys' fees.

Neither party has filed objections to the Magistrate Judge's findings and recommendations. The failure to object to a magistrate judge's report may be deemed a waiver of appeal of the substance of the report and the court need only satisfy itself that there is no clear error on the face

---

[1] The Magistrate Judge's recommendation uses the term "Complaint" to refer to the petitioner's initial pleading, even though it is also referred to as a "petition" in the filings of this case. For the sake of consistency, I will also use the term "Complaint."

of the record in order to accept the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199-200 (4th Cir. 1983); *Campbell v. United States D. Ct. N.D. Cal.,* 501 F.2d 196, 206 (9th Cir. 1974). The court has reviewed the Magistrate Judge's findings of fact and recommendation and finds no clear error on the face of the record. Therefore, the court accepts and incorporates herein the findings and recommendation of the Magistrate Judge and orders judgment consistent with her findings and recommendation, with one slight modification, as explained below.

## II.     Motion to Dismiss

The Magistrate Judge provides two alternate grounds upon which to rely in granting the defendant's Motion to Dismiss. First, she recommends dismissing the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In the alternative, she recommends abstaining from judgment pursuant to the *Younger* abstention doctrine, as set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Because I agree that the Complaint's allegations fail to state a claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), I grant the Motion to Dismiss on this basis, and decline to exercise *Younger* abstention.

I begin by acknowledging that the petitioner is proceeding *pro se*, so I am obliged to construe his pleadings liberally, imposing "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and searching for any "set of facts in support of his claim which would entitle [the petitioner] to relief," *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (internal quotation marks omitted). Even under these standards, however, I agree with the Magistrate Judge that

> [o]n its face, [the petitioner]'s Complaint simply does not state a claim upon which relief can be granted. [The petitioner] mentions 42 U.S.C. § 1985 in his Complaint, but does not state how Defendant violated § 1985. [The petitioner] later states in his response that in the event discovery reveals violations of § 1985, "he intends to bring

said matter to the attention of this court." [The petitioner] essentially concedes that at present, he has no basis for a § 1985 claim.

While [the petitioner] invokes [42] U.S.C. § 1983, the Due Process Clause of the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment as bases for jurisdiction in this matter and states that he believes the [West Virginia] Board [of Medicine] is under a continuing duty to apply the law equally and in compliance with these provisions, [the petitioner] does not allege in concrete terms how the Board violated any of the above-referenced provisions. [The petitioner]'s Complaint contains, at best, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Twombly*, 550 U.S. at 555. In particular, while [the petitioner] cites "issues in controversy," presumably over which he seeks a declaratory judgment, [the petitioner] simply does not state what he wishes the court to declare.

(Proposed Findings and Recommendation [Docket 9] 21-22.)

*Twombly* directs that complaints must contain "more than labels and conclusions" and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570. Further, *Iqbal* instructs that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." 129 S. Ct. at 1950. In his Complaint, the petitioner mentions 42 U.S.C. § 1985, 42 U.S.C. § 1983, the Due Process Clause, and the Equal Protection Clause, but he sets forth no factual allegations sufficient to constitute violations of these provisions. I therefore **ADOPT** the Magistrate's recommendation that the petitioner's Complaint be **DISMISSED**.

### III.    Attorneys' Fees

As stated above, the defendant has not objected to the Magistrate Judge's recommendation that I deny its request for attorneys' fees. Accordingly, I find no clear error on the face of the record with regard to this request, and therefore **DENY** it.

### IV.    Conclusion

The court hereby **ADOPTS** the Magistrate Judge's proposed findings and recommendations, except for her reliance on *Younger v. Harris*, **GRANTS** the defendant's Motion to Dismiss [Docket

4] for failure to state a claim under Rule 12(b)(6), and **DISMISSES** this action from the docket. The court also **DENIES** the defendant's request for attorneys' fees.

The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: March 2, 2010

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge